IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMPSON SAFETY LLC | § § | |
| **Plaintiff,** | § § | |
| v. | § § § | C.A. NO. 4:24-CV-2483 |
| JACE JONES & JUSTIN JACKSON | § § § | |
| **Defendants.** | § | |

### **DEFENDANT, JUSTIN JACKSON'S POST-HEARING BRIEF**

Based on the evidence presented at the August 8th hearing on Plaintiff, Thompson Safety, LLC's application for preliminary injunction (the "Hearing"), **Thompson is not entitled to a preliminary injunction against Defendant, Justin Jackson.**

**There is no likelihood of success on Thompson's claim for breach of the Sterling-Jackson noncompete.** The noncompete in the Sterling-Jackson Agreement [Ex. 4, Sec. 10] is unenforceable because it contains an industry-wide exclusion that is—for all intents and purposes—worldwide. *See, e.g., Wright v. Sport Supply Grp.*, 137 S.W.3d 289, 298 (Tex. App.—Beaumont 2004, no pet.) (exclusions that prevent subsequent employment in an entire industry are unenforceable); *Byun v. Hong*, 641 S.W.3d 821, 827 (Tex. App.—Tyler 2022, no pet) (noncompete provision should only apply where the employee worked). Indeed, Thompson made no attempt to justify these restrictions at the Hearing. But even if the noncompete was not unenforceable, Jackson's expired on December 31, 2016, which is two years after he first left Sterling on December 31, 2014. Either way, Jackson did not breach the noncompete by going to work for Jones Fire.

**There is no likelihood of success on Thompson's claim for breach of the Thompson-Jackson noncompete.** The noncompete in Thompson-Jackson Agreement [Ex. 6, ¶ 3(c)] is also overly broad and unenforceable as written, and Thompson made no attempt to justify its restrictions as being no greater than necessary. First, it purports to prohibit Jackson from soliciting Thompson customers for <u>any</u> type of work—without regard to whether it is related to work Thompson does or work that Jackson did for Thompson—which is unreasonable. *See Peat Marwick Main & Co. v. Haass*, 818 S.W.2d 381, 387-88 (Tex. 1991). And second, the noncompete lacks a geographic restriction, making it unenforceable under Texas law. *See* Tex. Bus. & Com. Code § 15.50(a) (requiring reasonable geographic area to be enforceable); *Juliette Fowler Homes, Inc. v. Welch Assocs.*, 793 S.W.2d 660, 663 (Tex. 1990) (geographic limitation that is indefinite or unlimited is unreasonable). Finally, even if enforceable, there is no evidence that Jackson has breached it by soliciting restricted customers.

**There is no likelihood of success on Thompson's claim for breach of the confidentiality provision in Thompson-Jackson Agreement**. [Ex. 6, ¶¶ 2, 3(a)] The evidence at the Hearing (Jackson's own testimony) showed only that Thompson had <u>not</u> provided Jackson with the information identified in the Thompson-Jackson Agreement as "Confidential Information." [*See* Ex. 6, ¶ 2]. There was certainly no evidence that Jackson took any such information with him to Jones Fire or that he has used the information in any way in competing against Thompson.

**There is no likelihood of success on Thompson's claim for trade secret misappropriation under the DTSA or the TUTSA**. First, Thompson did not demonstrate

that any of its business information is a trade secret. Specifically, it failed to present any evidence that the information it claims to be trade secret has any sort of independent economic value. *See Providence Title Co. v. Truly Title, Inc.*, 547 F. Supp. 3d 585, 609-10 (E.D. Tex. 2021) (denying preliminary injunction on DTSA/TUTSA claim because business information at issue had no independent economic value by virtue of its secrecy) Second, Thompson did not demonstrate that Jackson was exposed to any such alleged trade-secret information, and Jackson testified that he was not. Third, there was no evidence that Jackson still possessed any of Thompson's alleged trade secrets or that he otherwise used alleged trade-secret information in any way.

**There is no likelihood of success on Thompson's claim for tortious interference.** There was no proof at the Hearing of Jackson's intentional interference with any Thompson or Sterling customer relationship. Rather, the evidence was the opposite: Jackson testified that when Thompson or Sterling customers have called him, he has always directed them back to Thompson.

**Thompson did not present evidence of a substantial threat of an irreparable injury**. Specifically, Thompson did not establish that monetary damages were insufficient to compensate it. *See Providence Title Co.*, 547 F. Supp. 3d at 613 (denying application for temporary injunction because plaintiff failed to establish that it's alleged loss of customers could not be adequately compensated through money damages).

Finally, at the Hearing, Jackson testified that he would be completely unable to support his family if he could not work at Jones Fire. **Thompson did not show that any threatened injury to Thompson outweighs the damage of an injunction to Jackson.**

| | |
|---|---|
| **Date: August 12, 2024** | Respectfully Submitted, |

_____
C. Lee Winkelman
Attorney-in-Charge
Texas Bar No. 24042176
So. Dist. Tex. Bar No. 584631
15802 Jersey Drive
Houston, TX 77040
Phone: (281) 786-7196
Fax: (281) 205-4682
Email: lee@winkesq.com

Of Counsel:

Winkelman PLLC
15802 Jersey Drive
Houston, TX 77040
Phone: (281) 786-7196
Fax: (281) 205-4682

**Attorneys for Defendant,
Justin Jackson**

## CERTIFICATE OF SERVICE

I certify that on August 12, 2024, I served a true and correct copy of this document using the Court's CM/ECF system.

_____
C. Lee Winkelman